UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

MACKENZIE WINNIE,

                Plaintiff,

-against-

CORRECTION OFFICER DURANT, and, CORRECTION OFFICER JOHN DOES # 1-10,

                Defendants.

COMPLAINT

Docket No. 9:20-cv-502 (DNH/ATB)

-------------------------------------------------------------------- x

Plaintiff MACKENZIE WINNIE, by his attorneys, CAITLIN ROBIN AND ASSOCIATES, PLLC, hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights, and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983.

2. Plaintiff seeks relief for an unprovoked and unjustified beating and sexual assault, maliciously inflicted upon him by Defendants on or about December 8, 2019 at the Upstate Correctional Facility, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

3. Plaintiff seeks declaratory, compensatory and punitive damages, an award of costs, attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

1

4. This action is brought pursuant to 28 USC §1331 and 42 USC §§1983 and 1988.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Northern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Northern District of New York.

## PARTIES

7. Plaintiff MACKENZIE WINNIE was in the custody of the DOCCS at Upstate Correctional Facility at all relevant times herein.

8. Upon information and belief, Defendant (fist name unknown) CORRECTION OFFICER DURANT, was, at the time of the events mentioned herein, a correction officer at Upstate Correctional Facility.

9. Upon information and belief, Defendants (first and last names unknown) CORRECTION OFFICER JOHN DOES # 1-10, were employees of the Upstate Correctional Facility at all times here relevant and were acting in the capacity of agents, servants and employees of the State of New York, and acting under color of state law. On information and belief, these defendants participated, facilitated and/or witnessed and failed to intervene in the harassment, threats and assaults inflicted on the Plaintiff on or about December 8, 2019.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York. Each defendant is sued in his individual capacity.

## FACTUAL ALLEGATIONS

11. At all times here mentioned, Plaintiff MACKENZIE WINNIE was incarcerated

at Upstate Correctional Facility in the custody of the DOCCS.

12. On December 8, 2019, Plaintiff MACKENZIE WINNIE expressed to Defendant CORRECTION OFFICER DURANT that he was not given his full dinner.

13. On December 8, 2019, at approximately 9:00 pm, Plaintiff MACKENZIE WINNIE was taken from his cell in Building 9, B-Gallery, by Defendant CORRECTION OFFICER DURANT and Defendants CORRECTION OFFICER JOHN DOES # 1-10 and unlawfully assaulted, battered, used excessive force and caused injury to Plaintiff.

14. On December 8, 2019, at approximately 9:00 pm, Defendants kicked, punched, beat, and struck Plaintiff on the head, body and limbs, sprayed Plaintiff with pepper spray and/or mace, knocked Plaintiff down with their shields while he was seated, and placed Plaintiff in mechanical restraints.

15. Defendants then dragged Plaintiff out of his cell and brought him into a room where they cut off Plaintiff's clothes, waterboarded Plaintiff, kicked, punched, beat, struck, and slapped Plaintiff in the head, torso, back, facial areas and neck, and pulled Plaintiff's hair and called Plaintiff a "hippy little girl with pretty long hair".

16. Defendants then asked Plaintiff if he was "gay" and if he "had ever been raped yet".

17. Plaintiff responded that he is not gay and that it goes against his religious beliefs as a Rastafarian.

18. Defendants then pulled off Plaintiff's clothes and boxers and roughly inserted two fingers into Plaintiff's rectum.

19. Defendant CORRECTION OFFICER DURANT then told him that "now you are a gay Rasta".

20. At this time Defendants CORRECTION OFFICER JOHN DOES # 1-10 stood around, witnessed the unlawful actions taken against the Plaintiff, and laughed at the Plaintiff.

21. Defendants then put the Plaintiff back into his cell, but Defendants did not decontaminate the Plaintiff after the use of chemicals on him, causing him to experience severe burning and pain for several days after.

## DAMAGES

22. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   c. Sexual Assault;

   d. Physical pain and suffering;

   e. Lacerations, cuts, and bleeding;

   f. Bruising;

   g. Injuries to the head, neck, back limb and eyes;

   h. Loss of hearing;

   i. Loss of vision;

   j. Burst vessels in the eyes;

   k. Chipped teeth;

   l. Migraines;

m. Nausea

n. Burning sensations;

o. Emotional trauma and suffering, including humiliation, fear, emotional distress, frustration, fright, horror, grief, depression, loss of sleep, and increased levels of anxiety; and

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Eighth and Fourteenth Amendment Rights)**

23. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

24. The acts of Defendants constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

25. By Defendants using force against Plaintiff which served no legitimate penological purpose as more fully set forth above, and by Defendants failing to intervene to prevent that use of force despite having a reasonable opportunity to do so, Defendants violated Plaintiff's rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, his Eighth Amendment right to be free of cruel and unusual punishment, as applied to the states through the Fourteenth Amendment.

26. By reason of the acts and omissions of Defendants described above, Plaintiff has endured substantial physical and emotional injuries and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Due Process Rights)

27. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

28. The acts of Defendants constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

29. The Defendants unlawfully confined Plaintiff in mechanical restraints, and confined him in a room in which Defendants assaulted the Plaintiff, which is substantially more restrictive confinement than necessary or just, without any evidence or justification for approximately three weeks.

30. By reason of the acts and omissions of Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Failure to Intervene)

31. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

32. Defendants as Corrections Officers acting under color of law had a duty to protect Plaintiff from violations of his Constitutionally protected rights.

33. Defendants were aware that Plaintiff's rights were being violated by their fellow officers, and had opportunity to intervene to protect Plaintiff from continued assault.

34. Defendants failed in their duty to intervene to protect Plaintiff from violation of his rights.

35. By failing to intervene to prevent one another's unlawful and unconstitutional

conduct, the Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth, and Fourteenth Amendments to the United States Constitution.

36. By reason of the acts and omissions of Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983, 1985, 1986 – Conspiracy)

37. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

38. The defendants engaged in a conspiracy to violate Plaintiff's rights.

39. Defendants formed an agreement to threaten and assault Plaintiff in violation of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth, and Fourteenth Amendments to the United States Constitution.

40. Defendants took actions in furtherance of their conspiracy by threatening and assaulting Plaintiff.

41. By reason of the acts and omissions of Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  New York, New York
May 5, 2020

Yours, Etc.

*[signature: Caitlin Robin]*

Caitlin Robin, Esq.
**CAITLIN ROBIN & ASSOCIATES PLLC**
*Attorneys for Plaintiff Mackenzie Winnie*
30 Broad Street, Suite 702
New York, NY 10004
Phone: (646) 524-6026
Fax: (929) 210-7549